**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**TAMMY HATHCOTE, REPRESENTATIVE FOR MINORS J.P.S AND C.V.C., FOR THE ESTATE OF SKYLER D. WENTWORTH; AND SKYLER D. WENTWORTH ESTATE,**

**Plaintiffs,**

**v.** **Case No.: 5:25-cv-00672-JSM-PRL**

**DAVID E. VINCENT, OFFICIAL CAPACITY AS SHERIFF OF CITRUS COUNTY, FLORIDA; DAVID ELLIS, IN HIS INDIVIDUAL CAPACITY; JON BARR, EMORY PARRISH, IN HIS INDIVIDUAL CAPACITY;**

**Defendants,**
**_________________________________/**

## ORDER

This action arises from a traffic stop that ultimately resulted in the death of Plaintiff's decedent, Skylar Wentworth. (Doc. 1). Plaintiff brings claims pursuant to 28 U.S.C. § 1983 for violations of the Fourth Amendment for excessive force, for wrongful death, and numerous other related claims. (Doc. 1). Before the Court for consideration is Defendants' "time-sensitive" motion to compel deposition and for a limited extension of the discovery deadline. (Doc. 28). Defendants request a ruling by August 28, 2026.

Defendants recite that, despite their timely noticing of the deposition of minor C.V.C. (a minor surviving child of decedent), the deposition did not proceed because the minor's guardian refused to produce him. Defendants thus request that the Court enter an order compelling C.V.C's guardian to cooperate in the deposition, and for a limited

extension of the discovery deadline to facilitate completing the deposition. Defendants' motion further recites that they conferred with opposing counsel via email and that Plaintiff opposes the relief requested and intends to seek a protective order. (Doc. 28).

Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for a Rule 11 sanction, for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g). Defendants' counsel's email communication is insufficient to satisfy the requirements of the Local Rules, particularly here where Defendants acknowledge that Plaintiff's counsel was actively circulating drafts of a proposed protective order regarding the same witness.

Accordingly, Defendants' motion to compel and for an extension of discovery deadlines (Doc. 28) is due to be DENIED without prejudice. Prior to renewing this or any similar motion (including a motion for protective order), pursuant to Local Rule 3.01(g), counsel is directed to confer directly either <u>in</u> <u>person</u> or <u>via</u> <u>telephone</u> and specifically discuss <u>each</u> and <u>every</u> issue that remains in dispute in a good faith effort to reach a resolution.

**DONE** and **ORDERED** in Ocala, Florida on August 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties