**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**TAMMY HATHCOTE, REPRESENTATIVE FOR MINORS J.P.S AND C.V.C., FOR THE ESTATE OF SKYLER D. WENTWORTH; AND SKYLER D. WENTWORTH ESTATE,**

**Plaintiffs,**

**v.** **Case No.: 5:25-cv-00672-AGM-PRL**

**DAVID E. VINCENT, OFFICIAL CAPACITY AS SHERIFF OF CITRUS COUNTY, FLORIDA; DAVID ELLIS, IN HIS INDIVIDUAL CAPACITY; JON BARR, EMORY PARRISH, IN HIS INDIVIDUAL CAPACITY;**

**Defendants,**
**___________________________________/**

# ORDER

This action arises from a traffic stop that ultimately resulted in the death of Plaintiff's decedent, Skylar Wentworth. (Doc. 8). In the amended complaint, Plaintiff brings claims pursuant to 28 U.S.C. § 1983 for violations of the Fourth Amendment for excessive force, for wrongful death, and numerous other related claims. (Doc. 8). Before the Court for consideration is Defendants' renewed motion to compel deposition and for a limited extension of the discovery deadline. (Doc. 39). For the reasons explained below, Defendants' motion is due to be granted in part.

## I. Background

Defendants recite that, despite their timely notice of the deposition of minor C.V.C. (a minor surviving child of decedent), the deposition did not proceed because the minor's

guardian refused to produce him. Defendants request that the Court enter an order compelling C.V.C.'s guardian to cooperate in the deposition, and for a limited extension of the discovery deadline to facilitate completing the deposition. Defendants previously filed a similar motion, but that motion was denied without prejudice due to the parties' insufficient compliance with Local Rule 3.01(g).

Defendants then renewed their motion and asserted that it was time-sensitive. Given that discovery had already closed, and the next relevant deadline in the Court's Case Management and Scheduling Order (Doc. 17) is the dispositive motion deadline on December 11, 2026, Defendant's request for an expedited ruling was denied. (Doc. 40). The Court took the motion to compel deposition and for a limited extension of the discovery deadline under advisement and allowed Plaintiff the time permitted under the Local Rules to respond to the motion.

Plaintiff has now filed a response to the motion and recites that, after further good faith conferrals, the parties are largely in agreement regarding the duration of the deposition, the guardian's attendance, and the format of the deposition, as well as numerous subject areas of examination. Plaintiff further explains that the deponent, C.V.C., is 12 years old and that both of his parents are deceased. The parties explain that C.V.C.'s mother died approximately a year prior to his father's death. Plaintiff states that C.V.C. does not know the circumstances of his father's death. Plaintiff recites that C.V.C. "knows the circumstances of his mother's death, which preceded his father's death, but is still young and affected by her death. C.V.C. is being raised by his maternal grandmother, and she has expressed concern about the emotional impact on C.V.C. by asking him about the circumstances of how his parents died." (Doc. 42 at 3). Plaintiff recites that Defendants

have agreed not to ask C.V.C. regarding how his father died, or questions related to the shooting alleged in the amended complaint.

However, Plaintiff represents that the parties have not been able to agree regarding Defendants' intention to ask C.V.C. "how" his mother died. Plaintiff states that the issue is irrelevant to the issues in this case and would or could cause significant harm to C.V.C. (Doc. 42 at 2). Plaintiff states that she "has no objection to Defendants asking questions about how C.V.C. is affected by the death of his parents, but how they died is going too far in light of the emotional impact on this child." (Doc. 42 at 2). Plaintiff explains that the parties have agreed that Defendants will not ask C.V.C. if he knows how his father died, but they still intend to ask the same question about his mother. (Doc. 42 at 2). Plaintiff asserts, "[i]t is that question, as opposed to the effect on this child about his parents dying, to which Plaintiff objects." (Doc. 42 at 2). Plaintiff requests that the Court balance all the relevant factors to make a case-specific determination regarding the scope of discovery in this case.

Meanwhile, Defendants assert that C.V.C.'s mother passed away a year prior to the Decedent in this case, and that there are likely multiple causes of emotional pain and suffering. (Doc. 39 at 7). Defendants contend that a deposition concerning these subjects is neither collateral nor cumulative.

## II. Legal Standards

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate

understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery, it is essential to determine the purpose of the discovery. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, .

. . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

## III. Discussion

As alleged by Plaintiff, this case involves claims for excessive force arising from a traffic stop during which the decedent was unarmed and attempting to surrender to responding deputies when he was shot and killed by Citrus County deputies, including the defendants. (Doc. 8 at 4). The amended complaint demands "all legally available general and compensatory damages and economic loss to Plaintiff and the survivors from Defendants for Defendants' violations of law." (Doc. 8 at 20).

The parties apparently agree that the scope of discovery would include the nature of C.V.C.'s relationship with the Decedent, the frequency and quality of their interactions, the support and services allegedly provided by the Decedent, and the effect of the Decedent's death upon C.V.C. (Doc. 39 at 7). The parties disagree, however, regarding Defendants' intention to ask C.V.C. regarding the circumstances of his mother's death, and whether C.V.C. knows the circumstances of his mother's death. Thus, the Court must consider whether the disputed subject area is relevant and proportional to the needs of the case.

Referencing the fact that C.V.C.'s mother's death preceded the death of his father, Defendants assert that there are likely multiple causes of pain and suffering. Defendants assert that they "have a right to inquire as to C.V.C.'s emotional pain and suffering, for example, what was caused by his father's death, and what was caused by his mother's death, as the latter cannot be attributed to Defendants." (Doc. 39 at 6). Defendants state, "[p]erhaps the two causes cannot be separated, but Defendants should be entitled to inquire." (Doc. 39 at 6).

Defendants' explanation provides a justification for questioning C.V.C. regarding the effects of his parents' deaths and the extent to which his pain, grief, sorrow, anguish, stress, and mental suffering may be attributable to one death as opposed to the other. Defendants' explanation, however, fails to provide a justification for why questioning a twelve-year-old child regarding the specific circumstances of his mother's death or whether he knows the circumstances of his mother's death is proportional to the needs of this case. Plaintiff states that C.V.C. is being raised by his maternal grandmother, who is not only concerned about his emotional well-being but also apparently knowledgeable about it. (Doc. 42 at 3). Notably, Plaintiff does not object to questions regarding the effect on C.V.C. of his parents' dying, which is the issue of primary relevance.

Under Rule 26, it is the Defendants' burden to explain the ways in which the requested information bears on the issues as Defendants understand them. While Defendants are correct that they are entitled to discovery regarding the possibility of multiple causes of pain and suffering, that discovery must be proportional to the needs of the case, considering factors such as the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. Here, Defendants have failed to articulate why asking C.V.C. how his mother died or probing into his knowledge regarding the *circumstances* of her death, as opposed to inquiring regarding the *effects* of her death, is proportional to the needs of the case. Plaintiff objects to this line of questioning on the basis that is irrelevant to the issues in this case and would or could cause significant harm to C.V.C. (Doc. 42 at 3). Plaintiff further recites that "[t]his child is 12 years old and does not know the circumstances of his father's death. He knows the

circumstances of his mother's death, which preceded his father's death, but is still young and affected by her death." (Doc. 42 at 3).

Upon consideration, and absent a compelling explanation regarding relevance, the undersigned finds that Plaintiff's objection to the proposed subject area, specifically asking C.V.C. about the circumstances of his mother's death, is due to be sustained. Neither party asserts that the circumstances of the mother's death are in dispute, that how the mother died is an important issue in this case, or that C.V.C. is the best source of information regarding the circumstances of his mother's death. What is at issue in this case, however, is the mental and emotional impact of his parents' deaths on C.V.C., a subject area to which Plaintiff does not object. In other words, though nuanced, there is a meaningful difference between, on one hand, asking the child how he was affected by his mother's death and the relative effects of his mother's death as distinguished from his father's death and, on the other hand, asking him how his mother died and to describe the circumstances of her death. The undersigned agrees that while the former is an appropriate area of inquiry, the latter is one step too far and is not proportional to the needs of the case in the unique circumstances presented here.

## IV. Conclusion

Upon due consideration and in light of the parties' agreement regarding the proposed deposition, Defendants' motion to compel (Doc. 39) is due to be **GRANTED** in part**.** Plaintiff and C.V.C.'s legal guardian are directed to make C.V.C. available for deposition at a mutually agreeable date and time in accordance with the parties' agreement regarding the duration and format of the deposition. Pursuant to Rule 37(a)(5)(A), the Court declines to order payment of Defendants' reasonable expenses in making the motion to

compel because the opposing party's objection was substantially justified, and the circumstances make an award of expenses unjust.

Defendants' motion for a limited extension of the discovery deadline (Doc. 39) is **GRANTED** to the extent that the discovery deadline shall be extended until November 2, 2026, for the limited purpose of completing the deposition of C.V.C., provided that the length, format, and scope of the deposition remain consistent with parties' agreement and the rulings in this Order.

**DONE** and **ORDERED** in Ocala, Florida on October 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties